IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELANIE DAVIS,

Plaintiff,

8:18-CV-572

vs.

ORDER

IHOP PROPERTY LLC,

Defendant.

This matter is before the Court on the parties' joint motion to set aside entry of default (filing 12). The motion is granted.

The procedural history of this case is not complex. The plaintiff filed its complaint (filing 1) on December 10, 2018. Service of process was effectuated on March 28, 2019. Filing 7-1. The defendant's answer was due on April 18, *see* Fed. R. Civ. P. 12(a)(1), but no answer was filed. On June 4, the plaintiff moved for entry of default, and the clerk's entry of default was entered the next day. Filing 9; filing 10. Notice of the clerk's entry of default was mailed to the defendant June 5, and on June 12 counsel appeared for the defaulted defendant. Filing 11. The present motion to set aside the entry of default was filed the next day. Filing 12.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing

of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

Here, the defendant's explanation for default is that there was a miscommunication between the defendant franchisor and the franchisee on the property at issue. Filing 12 at 1. While this does not exonerate them, it is understood that relief from a default may be available even when the failure to comply with the filing deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000). And the Eighth Circuit draws a distinction between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "'marginal failure'" to meet pleading or other deadlines. *Johnson*, 140 F.3d at 784.

In this case, the evidence shows a good faith default "caused by poor communication." *See id.* The plaintiff's support for the motion means that there is no basis for concluding that the plaintiff has been prejudiced in a "concrete way," *see Stephenson*, 524 F.3d at 915, given that "prejudice may not be found from delay along or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. Therefore,

IT IS ORDERED:

1. The motion to set aside entry of default (filing 12) is granted.

2. The Clerk's Entry of Default (filing 10) is set aside.

Dated this 21st day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge